UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VICTOR L. MILLER and VILMA
M. MILLER,

      Plaintiffs,

v.                            Case No: 2:16-cv-493-FtM-99MRM

THE BANK OF NEW YORK MELLON,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. #14) filed on October 25, 2016.  Plaintiffs Victor L. Miller and Vilma M. Miller filed a response in opposition (Doc. #22) on November 30, 2016. For the reasons set forth below, the motion is granted with leave to amend.

**I.**

On August 11, 2016, plaintiffs, proceeding pro se, filed an Amended Complaint (Doc. #5) against the Bank of New York Mellon (BONY) alleging violations of the Dodd Frank Act and the Real Estate Settlement Procedures Act of 1974 (RESPA), 12 U.S.C. § 2601 et seq., and its implementing regulation, Regulation X.[1]  (Doc.

_____

[1] Upon review of plaintiffs' request to proceed in forma pauperis, this Court directed plaintiffs to file an amended complaint and provided guidance on the pleading requirements of the Federal Rules of Civil Procedure.  (Doc. #4.)

#5.)   Plaintiffs allege that BONY failed to offer them loss mitigation options prior to commencing foreclosure on their home as required by Regulation X at 12 C.F.R. § 1024.41.

According to the Amended Complaint, in June 2008 plaintiffs obtained a mortgage and signed a promissory note from BONY to purchase a home in Lehigh Acres, Florida. (Id. at 2.) Plaintiffs state that they had difficulties paying their mortgage in 2010 and foreclosure proceedings were instituted, which were voluntarily dismissed on December 29, 2010.[2] (Id.; Doc. #14.) Plaintiffs seek $2,000,000 in damages for the loss of their home and compensation for their pain and suffering. (Doc. #5 at 3.)

Defendant moves to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), claiming various basis for dismissal. Because the loss mitigation provisions that plaintiffs rely on became effective after the underlying foreclosure proceedings were concluded, the Court will first examine whether 12 C.F.R. § 1024.41 should apply retroactively to this case.

---

[2] Although plaintiffs do not state the date that the underlying foreclosure proceeding was dismissed, defendant attaches the Notice of Dismissal from the state court to their motion to dismiss. (Doc. #14, Exh. A.) A court may consider documents attached to a motion to dismiss without converting the motion into one for summary judgment if the attached documents are central to the plaintiff's claims and undisputed in terms of authority. See Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002).

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. 1955. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth", Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially

plausible." <u>Chaparro v. Carnival Corp.</u>, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Iqbal</u>, 556 U.S. at 679.

A pleading drafted by a party proceeding <u>pro</u> <u>se</u>, like the Amended Complaint at issue here, is held to a less stringent standard than one drafted by an attorney, and the Court will construe the allegations contained therein liberally. <u>Jones v. Fla. Parole Comm'n</u>, 787 F.3d 1105, 1107 (11th Cir. 2015). Nevertheless, "a <u>pro</u> <u>se</u> pleading must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." <u>Id.</u>  In other words, <u>pro</u> <u>se</u> status will not salvage a complaint devoid of facts supporting the plaintiffs' claims.

### III.

Enacted as a consumer protection statute, "RESPA prescribes certain actions to be followed by entities or persons responsible for servicing federally related mortgage loans, including responding to borrower inquires." <u>McLean v. GMAC Mortg. Corp.</u>, 398 F. App'x 467, 471 (11th Cir. 2010) (per curiam) (citing 12 U.S.C. § 2605). The Dodd Frank Act granted rule-making authority under RESPA to the Consumer Financial Protection Bureau (the

"CFPB").   See  12  U.S.C.  §  2617(a).   One  such  implementing regulation,  Regulation  X,  in  relevant  part  places  various obligations on mortgage servicers when a borrower submits a loss mitigation  application.   Regulation  X  prohibits,  among  other things,  a loan servicer from foreclosing on a property in certain circumstances  if  the  borrower  has  submitted  a  completed  loan modification,  or  loss mitigation,  application.   See generally 12 C.F.R. § 1024.41.[3]

On January 17, 2013, the CFPB issued the final rule to amend Regulation  X,  effective  as  of  January  10,  2014  (the  "Effective Date").   See  Mortgage  Servicing  Rules  Under  the  Real  Estate Settlement  Procedures  Act  (Regulation  X),  78  Fed.  Reg.  10696-01, 10696  (Feb.  14,  2013)  (codified  at  12  C.F.R.  pt.  1024).   The regulation  did  not  expressly  direct  retroactive  application,  but

---

[3] Regulation X, Subpart C – Mortgage Servicing, provides at Section 1024.41, subsection (a), Loss Mitigation Procedures, as follows:

  **(a)  *Enforcement and limitation*.**  A borrower may enforce the  provisions  of  this  section  pursuant  to  section 7(f)  of  RESPA  (12  U.S.C.  2605(f)).   Nothing  in  § 1024.41  imposes  a  duty  on  a  servicer  to  provide  any borrower  with  any  specific  loss  mitigation  option. Nothing  in  §  1024.41  should  be  construed  to  create  a right  for  a  borrower  to  enforce  the  terms  of  any agreement between a servicer and the owner or assignee of  a  mortgage  loan,  including  with  respect  to  the evaluation  for,  or  offer  of,  any  loss  mitigation option  or  to  eliminate  any  such  right  that  may  exist pursuant to applicable law.

12 C.F.R. § 1024.41.

generally "[r]etroactivity is not favored in the law . . . [and] congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." Landgraf v. USI Film Prods., 511 U.S. 244, 265 (1994).

The Supreme Court has adopted a two-part test for determining whether a statute or regulation should retroactively apply to conduct which preceded the law's enactment:

> We first look to whether Congress has expressly prescribed the statute's proper reach, and in the absence of language as helpful as that we try to draw a comparably firm conclusion about the temporal reach specifically intended by applying our normal rules of construction. If that effort fails, we ask whether applying the statute to the person objecting would have a retroactive consequence in the disfavored sense of affecting substantive rights, liabilities, or duties [on the basis of] conduct arising before [its] enactment. If the answer is yes, we then apply the presumption against retroactivity by construing the statute as inapplicable to the event or act in question owing to the absen[ce of] a clear indication from Congress that it intended such a result.

Fernandez-Vargas v. Gonzales, 548 U.S. 30, 37–38 (2006) (citations omitted).

With regard to the first part of the test, although the rule was promulgated on February 14, 2013, the CFPB recognized that the amendments to Regulation X imposed "significant implementation burdens for the industry" and therefore established an effective date of January 10, 2014 in order to "afford creditors sufficient time to implement the more complex or resource-intensive new

Case 2:16-cv-00493-JES-MRM   Document 26   Filed 01/10/17   Page 7 of 9 PageID 82

requirements." 78 Fed. Reg. 10708. Thus, it seeks unlikely that the CFPB intended to retroactively apply the rule after establishing a later effective date based upon these concerns. For a thorough discussion of why the CFPB chose the Effective Date which supports the conclusion that 12 C.F.R. § 1024.41 does not apply retroactively, see Campbell v. Nationstar Mortg., 611 F. App'x 288 (6th Cir. 2015). See also Lage v. Ocwen Loan Servicing LLC, 145 F. Supp. 3d 1172, 1184 (S.D. Fla. 2015) (finding that in order for a borrower to avail himself of Regulation X's protections, the borrower's application must be received by the servicer after the effective date of the regulation).

Here, plaintiffs have failed to allege that they submitted an application for loss mitigation pursuant to 12 C.F.R. § 1024.41 that would have triggered BONY's obligations under the regulation. But even assuming that such procedures were instituted, plaintiffs' claim still fails because any such application would have been submitted before the Effective Date. The foreclosure proceedings were concluded on or about December 19, 2010, well before the Effective Date of the loss mitigation procedures they rely on.

Furthermore, the second step of the Fernandez-Vargas analysis supports the conclusion that 12 C.F.R. § 1204.41 should not apply retroactively. The Effective Date – January 10, 2014 – is three years after the foreclosure proceedings were complete. If 12

C.F.R. § 1204.41 were retroactively applied, it would both "increase a party's liability for past conduct, [and] impose new duties with respect to transactions already completed." Landgraf, 511 U.S. at 280.  Plaintiffs cannot now claim the protections of 12 C.F.R. § 1024.41; thus, plaintiffs have failed to state a claim for violation of RESPA.

## IV.

"[A] district court must grant a plaintiff at least one opportunity to amend [his] claims before dismissing them if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend." Silva v. Bieluch, 351 F.3d 1045, 1048 (11th Cir. 2003).  A district court need not grant such leave if an amendment would be futile.  Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).  "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed." Id.

While it appears that any amendment to plaintiffs' complaint would be futile, the Court will allow an opportunity to state a cause of action if plaintiffs can do so.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. #14) is **GRANTED.**  Plaintiffs' Amended Complaint (Doc. #5) is **dismissed without prejudice** to filing a Second Amended

Complaint within **TWENTY-ONE (21) DAYS** of this Opinion and Order. If no Second Amended Complaint is filed, the file will be closed without further notice.

      **DONE and ORDERED** at Fort Myers, Florida, this ___10th___ day of January, 2017.

                                           _____

                                           JOHN E. STEELE
                                         SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiffs
Counsel of Record